**In re Thomas N. TIELSCH, Debtor.**

**Nancy D. Collins, Plaintiff,**

**v.**

**Thomas N. Tielsch, Defendant.**

**Bankruptcy No. 02–24013–MBM.**
**Adversary No. 02–2331–MBM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 24, 2003.

Donald B. Moreman, Greensburg, PA, for Debtor.

Jeffrey J. Sikirica, Gibsonia, PA, trustee.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE MCCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **24th day** of **September, 2003,** upon consideration of the Mo-

tion for Relief From Stay filed by Nancy Collins, the above-named plaintiff (hereafter "Collins"), so as to permit her to enforce an alimony decree obtained against Thomas Tielsch, the above-captioned debtor and defendant herein (hereafter "the Debtor"), which motion Collins commenced by way of the instant adversary proceeding, which adversary proceeding, in turn, the Court has previously characterized as one wherein Collins seeks a determination that her alimony award (hereafter "Collins' Alimony Award") is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and/or 523(a)(15), see Aug. 6, 2003 Order, at 1 & n. 1;

and in light of the Court's August 6, 2003 Order of Court in the instant matter, wherein the Court ruled, *inter alia*, that (a) Collins' Alimony Award is not excepted from discharge pursuant to § 523(a)(5) because such claim is not actually in the nature of alimony irrespective of its characterization outside of bankruptcy, see Aug. 6, 2003 Order, at 2 ¶ 1, (b) Collins' Alimony Award constitutes a debt of the kind described in § 523(a)(15), see Aug. 6, 2003 Order, at 2–3 ¶ 2, (c) the Debtor, in order to defeat a finding of nondischargeability under § 523(a)(15), bears the burden of proving, on a subsequent trial date, that one of the conditions set forth in § 523(a)(15)(A) & (B) exists, see Aug. 6, 2003 Order, at 3 ¶ 2, and (d) Collins' stay relief request would only be granted if Collins' Alimony Award is ultimately determined to be nondischargeable pursuant to § 523(a)(15), see Aug. 6, 2003 Order, at 3 ¶ 4;

and subsequent to notice and a trial on whether one of the conditions set forth in § 523(a)(15)(A) & (B) exists, which trial was conducted on September 22, 2003,

■■■ it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The prior ruling by the Court that Collins' Alimony Award is not excepted from discharge pursuant to § 523(a)(5) **SHALL NOT BE DISTURBED**. The Court rules as it does because Collins failed to introduce anything at the September 22, 2003 trial that persuades the Court that it should amend its initial ruling;

2. Collins' Alimony Award is determined to be **NONDISCHARGEABLE** pursuant to § 523(a)(15). The Court so rules because it concludes, in turn, that the Debtor has failed to prove, by the necessary preponderance of the evidence, that one of the conditions set forth in § 523(a)(15)(A) & (B) exists. With respect to § 523(a)(15)(A), the Court concludes, in particular, that the Debtor has the *ability to pay* Collins' Alimony Award from income and property not necessary for his own support. Such conclusion follows, and notwithstanding that the Debtor produced evidence at the September 22, 2003 trial that tends to establish that he presently lacks the funds to pay Collins' Alimony Award, because (a) the Court, as a matter of law, is permitted to consider, when ascertaining a debtor's ability to pay for purposes of § 523(a)(15), not only the income that the debtor currently produces but also the income that the debtor is capable of producing, both now and in the future,[1] (b)

---

1. The following case authorities overwhelmingly establish that a court is permitted to consider, when ascertaining a debtor's ability to pay for purposes of § 523(a)(15), not only the income that the debtor currently produces but also the income that the debtor is capable

of producing, both now and in the future: *In re Huddelston*, 194 B.R. 681, 687–689 (Bankr. N.D.Ga.1996) (noting, at footnote 13, that "the Court finds such a broader scope of inquiry to be mandated by the unambiguous manner in which Congress chose to frame the

the instant Debtor, the Court finds, chooses to underemploy himself, which finding follows from the fact that the Debtor chooses to work but approximately 20 hours per week, and (c) the Debtor, if he chose to work at anywhere near full capacity, would have the means with which to satisfy, at least over a period of time, Collins' Alimony Award, which claim the Court understands to total roughly $16,000 as of January 2002. As for § 523(a)(15)(B), the Court concludes, in particular, that the benefit to the Debtor that would result from a discharge of Collins' Alimony Award would not outweigh the detriment which Collins would suffer from such discharge. The Court supports the immediately preceding conclusion by finding that (a) Collins is presently unemployed, (b) Collins' future employment prospects are relatively slim, particularly given that she has been diagnosed as suffering from breast cancer, and (c) the Debtor, for the reasons set forth above, possesses the capability of satisfying Collins' Alimony Award if the Debtor fully employs himself;

3. Collins' motion for relief from the automatic stay is **GRANTED** so that Collins may resume collection efforts against the Debtor with respect to Collins' Alimony Award—such ruling is warranted given that Collins' Alimony Award is determined to be nondischargeable pursuant to § 523(a)(15). However, Collins may not henceforth attempt to satisfy her alimony award from any asset that the Debtor has properly exempted pursuant to 11 U.S.C. § 522. *See* 11 U.S.C.A. § 522(c) (West 2003); and

4. If, and when, Collins attempts to collect on her alimony award, such as by way of garnishment of the Debtor's future wages, this Court's determination that Collins' Alimony Award is not actually in the nature of alimony **WILL NOT BIND A STATE COURT** with respect to the issue of whether such debt constitutes alimony for such state court's purposes. The Court so rules—*and the Court retracts any statement to the contrary that it made at the close of the September 22, 2003 trial*—because its determination that Collins' Alimony Award is not actually in the nature of alimony was rendered for the sole purpose of ascertaining

first prong of section 523(a)(15) in terms of the Debtor's 'ability' to pay ...[, which] term connotes a party's 'physical, mental, financial, or legal *power to perform*'"); *In re Florio*, 187 B.R. 654, 657 (Bankr.W.D.Mo.1995) (analysis to be undertaken when considering the nondischargeability of student loans under § 523(a)(8) is applicable to the issue of whether a debt is nondischargeable under § 523(a)(15); § 523(a)(8) analysis includes, *inter alia*, a consideration of whether a debtor voluntarily underemploys himself); *In re Gatliff*, 266 B.R. 381, 389 (Bankr.N.D.Ill.2000) ("Debtor cannot use the fact that he has chosen to retire, thereby voluntarily reducing his income, as a justification for a determination that he is unable to pay his debt to his spouse and children"); *In re Henson*, 197 B.R. 299,

303–304 (Bankr.E.D.Ark.1996) ("the appropriate analysis [under § 523(a)(15)(A)] includes a view of the debtor's future financial situation, including an ability to make minimal monthly payments on the debt, rather than a static view of the debtor's current ability to pay the debt"); *In re Slover*, 191 B.R. 886, 892 (Bankr.E.D.Okla.1996) (although debtor was currently unemployed, "[t]his Court may, however, consider the income that the [d]ebtor is capable of producing"); *Migneault v. Migneault*, 243 B.R. 585, 588–589 (D.N.H.1999) ("taking account of a debtor's earning capacity when evaluating an inability to pay claim both upholds the underlying purpose of 11 U.S.C. § 523(a)(15) and best guards against potential abuses").

whether such debt is nondischargeable pursuant to § 523(a)(5). Indeed, this Court lacks subject matter jurisdiction to determine, for state court collection purposes, whether a debt constitutes alimony; instead, this Court's subject matter jurisdiction regarding the issue of whether a debt constitutes alimony is limited, with a few exceptions that do not apply to the instant matter, to the bankruptcy nondischargeability context framed by § 523(a)(5). The foregoing statement of the law is also a corollary of the Third Circuit's statement of the law to the effect that " 'a debt could be in the "nature of [alimony or] support" under section 523(a)(5) even though it would not legally qualify as alimony or support under state law.' " *In re Gianakas,* 917 F.2d 759, 762 (3rd Cir.1990).

**IN SUMMARY,** (a) Collins' Alimony Award is determined to be **NONDIS-CHARGEABLE** pursuant to § 523(a)(15), and (b) Collins' motion for relief from the automatic stay is **GRANTED** so that Collins may resume collection efforts against the Debtor with respect to Collins' Alimony Award.